ROBERTSON, Justice:
Mrs. Frances W. Shivel filed suit in the Circuit Court of the Second Judicial District of Carroll County, Mississippi, against Hugh Stewart Ferguson for personal injuries sustained by her when a pickup truck driven by Ferguson ran into the side of her car at the intersection of U. S. Highway 51 and the Vaiden-Kilmichael Road. The jury returned a verdict for the defendant, and Mrs. Shivel perfected her appeal to this Court.
U. S. Highway 51 runs North and South through the Town of Vaiden. The Vai-den-Kilmichael Road runs directly East from Highway 51. On the West side of U. S. 51 opposite the intersection and South and North thereof are a number of stores and businesses. A concrete apron about 50 feet wide extends from the front of the stores to the West side of U. S. 51. This paved space is used for parking by customers of the various stores.
About 10:30 A.M. on April 29, 1969, Mrs. Shivel, having finished her shopping, backed her car from its parking space in front of one of the stores. Her car faced west; she backed east and then north, so that the front of her car faced south and the rear of her car was to the north. According to her testimony, she then proceeded east, stopped at the west edge of 20-foot wide U. S. 51, looked south and north for approaching traffic, and then proceeded east across Highway 51 headed for the Vaiden-Kilmichael Road. She had crossed the southbound lane of U. S. 51 and was in the process of crossing the northbound lane when her car was struck on the right front half by a pickup truck driven by defendant Ferguson.
Ferguson testified that he was proceeding north on U. S. Highway 51 through the Town of Vaiden at about 35 to 40 miles an hour, that he did not diminish his speed at a blinking yellow light about a block south of the entrance to the Vaiden-Kil-michael Road, nor did he diminish his speed as he approached that intersection. He stated that he was driving as he usually drove through Vaiden. The front of his pickup truck struck the right side of Mrs. Shivel’s Oldsmobile. Her car was knocked partially into a ditch at the northeast corner of the intersection of U. S. 51 and the Vaiden-Kilmichael Road. Ferguson’s truck ended up headed in a northeasterly direction with the front wheels about 3 feet off of the east edge of Highway 51 and the back end extended slightly over the center line of U. S. 51.
Mrs. Shivel was severely injured and lost her left eye as a result of the accident.
The principal assignment of error and the only one that we will discuss is:
“The Court erred in permitting the witnesses to testify for appellee over objection by appellant as to who had the right-of-way.”
Billy Morgan, Mississippi Highway Patrolman, on cross-examination was permitted to testify over and over again that U. S. Highway 51 had the right-of-way. The questions asked and the answers given were:
“Q. Billy, as a Mississippi Highway Patrol officer, do vehicles traveling upon this twenty foot section have right of way over other vehicles in this area?
“A Yes, sir.
“MR. GUYTON:
“Now, we object to that. That’s a legal question, your Honor.
*125 “THE COURT:
“He may answer if he knows.
“MR. UPSHAW:
“Q. If you know, Billy, what road there has the right of way ?
“A Highway 51 would have the right of way on that road, sir.
“Q. And by Highway 51 having the right of way, do you mean the twenty foot wide Highway 51?
“A That’s correct, sir.
“Q. For travel on a ten foot lane north and a ten foot lane south ?
“A That’s right.
“Q. Now, I will ask you did your investigation reveal what roadway Mr. Ferguson was traveling on?
“A He was traveling on Highway 51.

“Q. All right. I believe you say that 51 to your knowledge has the right of way. Is that correct ?
“A That’s correct, sir.
“Q. Now, for vehicles that are traveling east and interesting with Highway 51 off the Kilmichael Road, which vehicle there would have the right of way?
“A Highway 51.
“Q. For vehicles pulling out of this parking area here in front of the Super-ette Welch’s as opposed to vehicles on the highway, which vehicle would have the right of way ?
“A Highway 51, sir.”
Delbert Shivel, husband of appellant, was also cross-examined on what highway had the right-of-way. He testified:
“Q. All right, sir, do you know who has the right of way down there?
“A Well, I imagine the man that’s on the Highway 51.
“Q. Well, if you imagine that, where was this man ?
“A He was on Highway 51.
“Q. And where was Mrs. Shivel before she got on Highway 51?
“A She was approaching Highway 51.”
George M. Sandlier, another witness called by the appellant, was cross-examined about the right-of-way. He testified that U. S. 51 would have the right-of-way over traffic approaching from the east or west. Even the appellant herself was questioned in a categorical way and forced to answer that U. S. 51 had the right-of-way, and that Ferguson was traveling on U. S. 51.
Counsel and even the trial court seem to be confusing the terms “through highway” and “right-of-way.” What is a “through highway” can perhaps be answered categorically and absolutely, but who has the “right-of-way” cannot. The answer to the question of “Who has the right-of-way” is variable; it changes as the circumstances and facts of each situation change. It is for the jury to decide under the facts of each particular case.
Section 8197, Mississippi Code 1942 Annotated (1956), provides:
“(a) The driver of a vehicle shall stop as required by this Act at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.
“(b) The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles no [not] so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed.”
*126 The question for the jury to decide in the case at bar is whether Ferguson had entered the intersection or was approaching so closely thereto as to constitute an immediate hazard when Mrs. Shivel started across U. S. 51. We held that such a question was for the jury in Tynes v. McLendon, 235 Miss. 336, 108 So.2d 716 (1959), and Junakin v. Kuykendall, 237 Miss. 255, 114 So.2d 661 (1959).
Moreover, the jury was entitled to decide this question, unprejudiced and uninfluenced by the opinions of witnesses, especially the state highway patrolman, as to “who had the right-of-way.” All of the witnesses giving their opinions in this regard invaded the province of the jury. The witnesses should have been limited by the court to testifying as to the facts of the case. We feel that this erroneously admitted opinion evidence substantially influenced the jury in its decision; thus the admission of this evidence constituted fatal error.
The judgment is reversed and the cause remanded for a new trial.
Reversed and remanded.
GILLESPIE, C. J., and JONES, BRADY and INZER, JJ., concur.