495 So.2d 1024 (1986)
Sidney McGAUGH
v.
Eddie L. GRAY.
No. 57203.
Supreme Court of Mississippi.
October 1, 1986.
Willard L. McIlwain, Jr., Greenville, for appellant.
Roy D. Campbell, Jr., Campbell, DeLong, Hagwood, Wade & Stuart, Greenville, for appellee.
Before WALKER, C.J., and SULLIVAN and GRIFFIN, JJ.
WALKER, Chief Justice, for the Court.
Sidney McGaugh brought suit against Eddie L. Gray in the Circuit Court of Washington County for injuries arising out of an automobile accident. From the trial court's order directing a verdict for Gray, McGaugh appeals. Because the trial court erred in directing a verdict for Gray, we reverse.
On April 24, 1985, Sidney McGaugh was sitting in the driver's seat of his van, which was parked at the Washington County Convention Center near Greenville, Mississippi. Suddenly feeling ill, McGaugh opened the door of the van and fell to the ground, fracturing two ribs. That same day, McGaugh was transported by ambulance to the Veterans Administration Medical Center in Jackson, Mississippi. Gray, the ambulance driver, ran a red light, and an automobile collided with the ambulance. When the impact occurred, McGaugh's head struck some object, and he felt "something *1025 just like an explosion ... like a fireball hit [his] head." After the accident, he experienced headaches and soreness. Approximately one week later, he began having pain in his neck and back. McGaugh was treated by a chiropractor. Subsequently he moved to Louisiana and was treated at the Veterans Administration Medical Center in New Orleans.
At trial the chiropractor who had treated McGaugh was called to testify. He stated his opinion, to a reasonable degree of chiropractic certainty,[1] that the injuries for which he treated McGaugh were caused by the ambulance collision. On cross-examination, the chiropractor testified that "it probably would be rather difficult" to apportion McGaugh's injuries between the fall earlier in the day and the collision. At the close of McGaugh's case, Gray moved for a directed verdict, contending that McGaugh had failed to prove that the collision proximately caused his injuries. The trial court directed a verdict for Gray. McGaugh appeals, assigning as error the trial court's granting the motion for directed verdict.
The standard which we apply is a familiar one. When the defendant moves for a directed verdict at the close of the plaintiff's case, the trial court must consider the evidence in the light most favorable to the plaintiff, giving the plaintiff the benefit of all reasonable inferences that may be drawn therefrom; unless the plaintiff's evidence is so lacking that reasonable jurors could not reach a verdict for the plaintiff, the motion must be denied. White v. Hancock Bank, 477 So.2d 265 (Miss. 1985); Hammond v. Grissom, 470 So.2d 1049 (Miss. 1985); Edwards v. Cleveland Food, Inc., 437 So.2d 56 (Miss. 1983); Paymaster Oil Mill Company v. Mitchell, 319 So.2d 652 (Miss. 1975).
The record in the case at bar indicates that Gray ran a red light, and that the resulting collision caused McGaugh to strike his head on an object and experience pain. The record also reveals that McGaugh was treated by a chiropractor who testified at trial that, in his opinion, the injuries for which he treated McGaugh were caused by the ambulance collision. Applying the standard stated above to the facts in the case at bar, we conclude that McGaugh's evidence was not so lacking that reasonable jurors could not have reached a verdict in his favor. McGaugh's expert witness testified that the injuries were caused by the ambulance collision. The witness admitted the difficulty in apportioning the injuries between the collision and the fall; that difficulty, however, did not justify taking the case from the jury.
Gray argues an evidentiary point in his brief. For two reasons, we decline to address it. First, Gray has not cross-appealed. Second, any surprise Gray could claim as to the expert's opinion was eliminated by the first trial and would not constitute surprise upon retrial of the case.
Because the trial court erred in directing a verdict for Gray, we reverse and remand for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
ROBERTSON, J., not participating.
NOTES
[1] See Mississippi Farm Bureau Mutual Insurance Co. v. Garrett, 487 So.2d 1320 (Miss. 1986) (chiropractor qualified as expert witness may give opinion limited to field of chiropractic). See also Rule 702, Mississippi Rules of Evidence (effective January 1, 1986) (testimony by experts).