507 So.2d 375 (1987)
Betty DALE
v.
Andrew C. BRIDGES
No. 56486.
Supreme Court of Mississippi.
May 13, 1987.
*376 J. Ronald Parrish, Laurel, for appellant.
Harold W. Melvin, Patricia Melvin, Laurel, for appellee.
Before WALKER, C.J., and ROBERTSON and GRIFFIN, JJ.
WALKER, Chief Justice, for the Court:
Betty Dale filed suit against Andrew C. Bridges in the Circuit Court of the Second Judicial District of Jones County for injuries arising out of a train/automobile collision. From a directed verdict in favor of Bridges, Dale appeals. We reverse and remand.
*377 On the morning of July 6, 1984, Betty Dale was a passenger in an automobile driven by Andrew C. Bridges. As Bridges drove west on Church Street in Jones County he approached the intersection of Maple Street and Church Street. Although Bridges had the right of way at the intersection, a car travelling on Maple Street ran the stop sign, and Bridges had to swerve to avoid colliding with the other vehicle. Continuing to look back toward the offending driver,[1] Bridges drove forward at a slow speed. He was still looking back when he reached the railroad crossing approximately seventy-five (75) feet from the intersection. Without looking to determine whether a train was approaching, Bridges drove onto the tracks. Dale then saw a train. She called out, and Bridges accelerated, with the result that the train struck only the rear passenger side of the car. Bridges was not injured. Dale was taken to a nearby hospital emergency room, treated and released. Her physicians who diagnosed her condition as severe cervical and lumbar strain, prescribed muscle relaxants and a cervical collar.
At the close of Dale's proof, the trial court granted Bridges' motion for a directed verdict. Dale has appealed, assigning two (2) errors.

I. DID THE TRIAL COURT ERR IN GRANTING THE DEFENDANT A DIRECTED VERDICT AT THE CLOSE OF THE PLAINTIFF'S CASE?
After reviewing the evidence outlined above, we are puzzled that the trial court directed a verdict for Bridges. By his own testimony (as an adverse witness), Bridges did not look to see whether a train was approaching before he drove onto the track. After Bridges drove onto the track without looking, his car was struck by the train and Dale was injured. Clearly, Dale's evidence and the reasonable inferences flowing therefrom, all viewed in the light most favorable to Dale, were not so lacking that reasonable jurors could not reach a verdict for Dale. Paymaster Oil Company v. Mitchell, 319 So.2d 652, 655 (Miss. 1975); Rucker v. Hopkins, 499 So.2d 766, 770 (Miss. 1986); McGaugh v. Gray, 495 So.2d 1024, 1025 (Miss. 1986); Wilson v. South Central Mississippi Farmers, Inc., 494 So.2d 358, 361 (Miss. 1986).
Bridges argues on appeal that "[a]ll of the Mississippi Statutory (sic) law pertaining to the vehicles crossing railroad tracks is contained in §§ 63-3-1007, 1009, 1011, and 1013, Miss.Code, 1972, Ann." Those sections, respectively, deal with duty to stop when electric or mechanical signal device warns of approaching train, duty to stop at crossings where stop signs have been erected, duty of certain vehicles such as school buses to stop at all railroad crossings, and duty to notify superintendent of railroad before moving heavy equipment over crossing. Bridges argues that, because there was no evidence that the crossing was marked by a signal or a stop sign, Dale failed to prove Bridges violated any statute and therefore failed to prove negligence.
The argument is twice flawed. First, as Bridges' counsel candidly stated at oral argument, there is another statute dealing with vehicles crossing railroad tracks. Section 77-9-249 (Supp. 1986) reads, in pertinent part, as follows:
Whenever any person driving a vehicle approaches a railroad grade crossing under any of the circumstances stated in this section, the driver of such vehicle shall stop within fifty feet but not less than fifteen feet from the nearest rail of such railroad, and shall not proceed until he can do so safely. The foregoing requirements shall apply when:
(d) An approaching railroad train is plainly visible and is in hazardous proximity of such crossing.
Second, Bridges misconstrues the law when he argues that Dale must prove a violation of statute in order to prove negligence. A person can be guilty of negligence while *378 acting within the bounds of the law. Cutshall v. State, 191 Miss. 764, 772, 4 So.2d 289, 291 (1941); Alman Bros. Farms & Feed Mill, Inc. v. Diamond Laborations, Inc., 437 F.2d 1295, 1300 (5th Cir.1971). In the case at bar, Dale could, and did, establish a prima facie case of negligence in two ways. First she proved that Bridges violated the above-cited statute in that he did not stop at the crossing even though an approaching train was plainly visible and in dangerous proximity to the crossing. Second, she proved that Bridges was negligent in that he failed to keep a proper lookout. Jones v. Hatchett, 504 So.2d 198 (Miss. 1987).

II. DID THE TRIAL COURT ERR IN PROHIBITING DALE'S COUNSEL FROM ASKING BRIDGES 1) WHETHER THE ACCIDENT WAS HIS FAULT, AND 2) WHETHER HE OWED DALE MONEY FOR HER INJURIES?
Having called Bridges as an adverse witness, Dale's counsel attempted to ask him whether the accident was his fault and whether he owed Dale money for her injuries. The trial court sustained Bridges' objection to each question, and Dale assigns those rulings as error.
Although this case was tried prior to the effective date of the Mississippi Rules of Evidence, those rules will be applicable on remand. Our analysis, therefore, is twofold.
Under pre-rules case law, testimony on issues of ultimate fact was considered an impermissible invasion of the province of the jury. Shivel v. Ferguson, 259 So.2d 123, 126 (Miss. 1972). Thus, the trial court's ruling in the case at bar was correct under applicable law.
Trial on remand, however, will be controlled by the Mississippi Rules of Evidence, under which "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Miss.R.Evid. 704. Although no longer inadmissible per se, such testimony should still be excluded if it is not helpful to the trier of fact. Rule 701; Rule 702; Comment to Rule 704. Questions which simply allow the witness to tell the jury what result to reach are impermissible, as are questions asking the witness for a legal conclusion. Matthews v. Ashland Chemical, Inc., 770 F.2d 1303, 1311 (5th Cir.1985); Owen v. Kerr-McGee Corp., 698 F.2d 236, 240 (5th Cir.1983). The questions in the case at bar simply called on the witness to admit liability, and so the trial court's rulings disallowing them were correct, under both pre-rules case law and the Mississippi Rules of Evidence.
Because the trial court erred in directing a verdict for Bridges, the judgment of the circuit court is reversed, and the cause is remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] Bridges stated in an affidavit, which was admitted into evidence, that he was looking at the car in his rearview mirror. At trial he testified that he leaned out the car window, turned his head and looked back toward the car.