IRVING, J„
for the Court:
¶ 1. J.V. Holliday was convicted in Kem-per County Circuit Court of robbery and was sentenced to eight years in the custody of the Mississippi Department of Corrections, plus payment of a fine in the amount of $1,000, as well as certain fees and court costs. Aggrieved, Holliday appeals and raises for our review the following issues which are quoted verbatim from his brief:
I. WHETHER THE TRIAL COURT IMPROPERLY ALLOWED THE PROSECUTION IN ITS CASE IN CHIEF TO INTRODUCE TESTIMONY FROM THE ARRESTING OFFICER OF THE DEFENDANT’S INADMISSIBLE STATEMENT.
II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING THE ARRESTING OFFICER TO RENDER HIS OPINION THAT THE CRIME OF STRONG ARMED ROBBERY HAD IN FACT OCCURRED.
III. WHETHER THE TRIAL COURT ERRED IN ALLOWING INADMISSIBLE HEARSAY EVIDENCE IN THE FORM OF THE ARRESTING OFFICERS READING OF A POLICE REPORT TO THE JURY.
IV. WHETHER THE TRIAL COURT IMPROPERLY RESTRICTED THE DEFENDANT’S CROSS-EXAMINATION OF THE “VICTIM.”
V. WHETHER THE TRIAL COURT IMPROPERLY ALLOWED THE PROSECUTOR TO REPEATEDLY USE LEADING QUESTIONS IN HIS DIRECT EXAMINATION OF THE “VICTIM” AND WHETHER THE LEADING QUESTIONS CAUSED SIGNIFICANT HARM TO THE DEFENDANT SINCE THEY DEALT WITH THE MOST CRUCIAL ISSUES IN THE CASE.
VI. WHETHER THE TRIAL COURT IMPROPERLY INSTRUCTED THE JURY AT THE BEGINNING OF THE TRIAL THAT THE GRAND JURY HAD ALREADY DETERMINED THAT A CRIME WAS COMMITTED AND THAT THE DEFENDANT COMMITTED IT AND WHETHER THE TRIAL COURT IMPROPERLY ALLOWED THE PROSECUTION TO REMIND THE JURY AND RELY UPON THE FACT THAT A GRAND JURY HAD LISTENED TO THE EVIDENCE AND DETERMINED THAT AN INDICTMENT SHOULD BE RETURNED AGAINST THE DEFENDANT.
VII. WHETHER THE TRIAL COURT IMPROPERLY REFUSED TO ALLOW THE JURY TO RETURN A VERDICT ON THE LESSER CHARGE OF LARCENY.
VIII. WHETHER THE VERDICT WAS AGAINST THE OVER *1080 WHELMING WEIGHT OF THE EVIDENCE IN FINDING THE DEFENDANT GUILTY OF ROBBERY.
IX. WHETHER THE CUMULATIVE EFFECT OF THE ERRORS DEPRIVED THE DEFENDANT OF A FAIR TRIAL.
X. WHETHER SENTENCE OF EIGHT YEARS IN JAIL FOR STEALING A WALLET CONTAINING THREE DOLLARS AMOUNTS TO CRUEL AND INHUMAN PUNISHMENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE 3, SECTION 28 OF THE MISSISSIPPI CONSTITUTION OF 1890.
¶ 2. After a review of the record and applicable law, we find that issues two, four and seven have merit and remand the case for a new trial. We have considered the other issues and conclude that they either lack merit or that the matters complained of are not likely to be repeated on retrial of this matter.
FACTS
¶ 3. On the night of July 19, 1997, at around 10:00 p.m., Earl Permenter answered a knock at his apartment door. The person knocking was Holliday, who thereafter entered the apartment and sat in a chair over which Permenter’s overalls were draped. Permenter testified that while Holliday was in the apartment, Holli-day asked for three dollars to buy gas. According to Permenter, Holliday found Permenter’s wallet in the pocket of Per-menter’s overalls, took the wallet out and began to walk out the door. After being prompted by the State at trial, Permenter testified that he struggled with Holliday before Holliday was able to leave the apartment with the wallet. Permenter testified that on the following day, he found his wallet on his doorsteps. The only thing missing from his wallet was three dollars. Permenter, an elderly man and a stroke victim, was the State’s only eyewitness to the events. Permenter stated that he did not personally know Holli-day prior to the incident.
¶ 4. Officer Billy Rush of the DeKalb Police Department testified as the only witness on behalf of Holliday. He was the first officer to arrive immediately after the incident. Officer Rush talked to Permen-ter and made a report which included Per-menter’s account of the incident. Officer Rush did not observe any injuries, scratches or scrapes on Permenter. Officer Rush testified that Permenter never mentioned any struggle or any kind of violence. De-Kalb Police Chief, Jeff Jowers, conducted a follow-up interview of Permenter on the day following the incident. At the trial, Chief Jowers read his report from the witness stand. The report indicated that Permenter had told him a struggle occurred on the night of the incident.
ANALYSIS OF THE ISSUES

I. Did the trial court abuse its discretion in allowing the arresting officer to render his opinion that the crime of strong armed robbery had in fact occurred?

¶ 5. “The admission of expert testimony is addressed to the sound discretion of the trial judge. Unless we conclude that the discretion was arbitrary and clearly erroneous, amounting to an abuse of discretion, that decision will stand.” Roberts v. Grafe Auto Co., Inc., 701 So.2d 1093, 1098 (Miss.1997).
¶ 6. Holliday complains that the trial court erred by allowing, over his objection, the following exchange which occurred between the State and DeKalb Police Chief, Jeff Jowers:
Q. Okay. Well, without going, into what he told you, when he described what happened to him, what happened to him, what did — what did that mean *1081 to you legally-speaking had occurred?
A. Strong-Armed Robbery.
Q. So based on what he described to you, you felt that there was a felony crime committed against him?
A. That’s correct.
Holliday contends that Jowers’s testimony amounted to an expert opinion offered by a person not tendered as an expert witness
¶ 7. In accordance with M.R.E. Rule 701 and the comment thereto, the Mississippi Supreme Court has limited lay witness opinion testimony to those opinions or inferences which are rationally based on the perception of the witness and helpful to the clear understanding of his testimony or the determination of a fact in issue. Roberts, 701 So.2d at 1098. M.R.E. Rule 702 applies if a trial court must delve into a witness’s background to determine if he possesses the necessary education, experience, knowledge or training in a specific field in order for the witness to testify as to his opinions concerning that particular field. Id. Further, if any specialized knowledge, however obtained, is needed to express an opinion, the testimony is that of an expert; therefore, M.R.E. Rule 702 applies. Id.
¶ 8. It is clear that Jowers derived his opinion based upon his investigation; however, to allow Jowers to give a legal conclusion that a “strong armed robbery” occurred was impermissible. The issue of whether a robbery occurred was an issue for the jury to the decide. Any rational juror could determine whether a robbery occurred without the comment from Jow-ers. Holliday argues that Jowers was not qualified as an expert witness and his comment should not have been allowed into evidence. Even if the State properly tendered Jowers as an expert witness, the trial court erred by allowing Jowers’s comment because no special knowledge was needed to aid the jury in determining whether Holliday committed a robbery.

II. Did the trial court improperly refuse to allow the jury to return a verdict on the lesser charge of larceny?

¶ 9. In reviewing cases in which the trial judge denied a lesser-included-offense instruction, the Mississippi Supreme Court has provided the following guidelines:
A lesser included offense instruction should be granted unless the trial judge — and ultimately this Court — can say, taking the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser-included offense (and conversely not guilty of a least one essential element of the principal charge.)
Harper v. State, 478 So.2d 1017, 1021 (Miss.1985); Gibson v. State, 731 So.2d 1087, 1094 (Miss.1998). We find that there was an evidentiary foundation for a lesser-included-offense instruction.
¶ 10. The testimony of Officer Billy Rush, if believed by the jury, warranted the lesser-included-offense instruction. Rush was the first officer to arrive on the scene. Rush testified that Permenter never mentioned a struggle, nor did Rush see any physical signs of a struggle on Per-menter’s body, such as injuries, scrapes or scratches. Had the instruction been given, the jury could have reasonably concluded that the struggle did not occur and found Holliday guilty of larceny.
¶ 11. We are mindful that Permenter testified that there was a struggle. However, Permenter related the sequence of events in the following manner when first asked about them during the trial:
Q. Okay. Just when you said, no, what did he do? Just right at that moment, what did he do?
A. (Unintelligible) on the chair, and he put it out there (Unintelligible). He found my billfold, and he got it and *1082 headed out ... went out the door.” (emphasis added).
It was not until after Permenter was prompted by the prosecution that Permen-ter mentioned a struggle occurred. Neither Permenter’s first version of the incident at trial nor his statement made to Rush shortly after the incident contained any reference to the use of force or a struggle. The very absence of any mention of a struggle in these two accounts could have created reasonable doubt in a juror’s mind as to whether a robbery took place. If Holliday merely grabbed the wallet and ran out the door, Holliday was entitled to a lesser-included-offense instruction for larceny. Accordingly, we hold that it was error for the trial court not to grant the lesser-included-offense instruction for larceny.

III. Did the trial court improperly restrict Holliday’s cross-examination of the Permenter?

¶ 12. The right to cross-examine a witness has been held to be a valuable and highly protected right. Parker v. State, 484 So.2d 1033, 1037 (Miss.1986). “The right of cross-examination has been limited only to clear cases of irrelevancy, trespass beyond admissible grounds, or extremes of continual aimless repetition.” Id. at 1037. Holliday argues that the trial judge suppressed his cross-examination of Permen-ter by not allowing him to cross-examine Permenter’s reasons for wanting to drop the charges against Holliday. Secondly, Holliday argues that he was not allowed to cross-examine Permenter regarding his statement that the police officers misunderstood his comments regarding pressing charges against Holliday.
¶ 13. Holliday’s counsel should have been allowed reasonable latitude to develop his defense theory. Counsel should have been allowed to probe Permenter in order to discover Permenter’s reasons for not wanting to press charges. Permen-ter’s explanation of his reasons for not wanting to press charges may have raised some reasonable doubt as to whether a struggle in fact occurred and therefore was relevant in order to develop Holliday’s defense theory. Accordingly, we hold that the trial judge abused his discretion in not allowing the more extensive cross-examination of Permenter.
¶ 14. THE JUDGMENT OF THE KEMPER COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR A NEW TRIAL. THE COSTS ARE ASSESSED TO KEMPER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.