800 So.2d 1193 (2001)
Keith E. HAVARD, Appellant
v.
STATE of Mississippi, Appellee.
No. 1999-KA-02112-COA.
Court of Appeals of Mississippi.
July 31, 2001.
Rehearing Denied September 18, 2001.
Certiorari Denied December 6, 2001.
*1195 George S. Shaddock, Pascagoula, for Appellant.
Office of the Attorney General by Scott Stuart, for Appellee.
EN BANC.
SOUTHWICK, P.J. for the Court:
¶ 1. Keith Havard was found guilty of felony driving under the influence of alcohol causing death by a George County Circuit Court jury. On appeal, Havard argues that the lower court erred in allowing improper testimony from several witnesses and in denying a defense instruction. In addition, Havard contends error by the jury in its deliberations, insufficient evidence and an unduly harsh sentence. Finding no error, we affirm.

*1196 FACTS
¶ 2. On January 25, 1998, Delores Backlin and her two grandchildren were struck by another vehicle while driving home on Highway 26 in George County. Their car was struck on its side by a vehicle driven by Keith Havard who ran a stop sign at the intersection of River Road and Highway 26. A witness to the accident assisted Backlin and her granddaughter out of her wrecked vehicle that had slid down an embankment landing upside down. Backlin's thirteen year old grandson, Elvin Lee Nobles, did not survive the injuries he sustained in the accident. Backlin and her granddaughter received minor injuries as a result of the accident, but have recovered.
¶ 3. Havard and his son, who was a passenger, were treated for injuries at the hospital. After investigating the scene, Mississippi Highway Patrolman Jeff Ruffin arrived at the hospital to question Havard and Backlin. Officer Ruffin testified that Havard admitted he had been drinking before the accident. Both Backlin and Havard signed consent forms to allow blood to be drawn for law enforcement purposes to determine their blood alcohol content. His blood alcohol content was found to be at .11 percent ethyl alcohol while Backlin's was negative for ethyl alcohol. Havard was charged and following a trial was found guilty of felony driving under the influence causing death.

DISCUSSION

1. Lay Opinion
¶ 4. Havard first argues that the trial judge erred in allowing two witnesses to testify that they believed Havard to be drunk on the night of the accident. He contends that neither witness was qualified to give opinion testimony nor was a proper foundation laid for their testimony.
¶ 5. The admissibility of evidence is left to the discretion of the judge and will not be disturbed unless the judge abused his discretion. Harris v. State, 731 So.2d 1125, 1130 (Miss.1999). Under the evidentiary rules, witnesses are allowed to give lay opinions, if "(a) rationally based on the perception of the witness and (b) helpful to the clear understanding of his testimony or the determination of a fact in issue." M.R.E. 701. Neither witness was offered by the State as an expert, and thus the separate rule for expert testimony is inapplicable. M.R.E. 702. We now examine the testimony of the two witnesses.
¶ 6. Pam Howell and her husband arrived at the accident scene soon after the collision. While her husband helped the victims, Howell stayed by the road. She observed a confrontation between Havard and his wife. Howell stated that she was within arms length distance of the argument. Howell testified that Havard smelled of alcohol but he did not at the time realize that he had been in an accident. She believed him to be drunk.
¶ 7. The second witness, nurse Linda Kittrell, was on duty the night of the accident when Havard arrived at the emergency room. She stated that Havard smelled of alcohol, had slurred speech and was unsteady. She believed he had consumed too much alcohol. Both opinions that Havard had too much to drink were based on the witnesses' perceptions and observations, which were fully described in their testimony. This testimony was helpful to the jurors and within the proper scope of lay testimony. No error was committed by allowing their testimony.

2. Improper Redirect
¶ 8. During the redirect testimony of Officer Jeff Ruffin, the prosecution asked Officer Ruffin if he had given Havard a *1197 ticket for causing the accident. Havard argues that as the State did not mention the ticket during their direct examination, it was error for the court to allow the testimony on redirect. The State counters that Havard opened the door to the question during his own cross examination and therefore the testimony was allowable.
¶ 9. As stated above, the allowance of testimony is left to the discretion of the trial judge. Redirect questioning is limited to the subject matters addressed during cross examination, but if the defense opens the door during cross, the State is "unquestionably entitled to elaborate on the matter." Hart v. State, 639 So.2d 1313, 1317 (Miss.1994).
¶ 10. During the direct examination of Officer Ruffin, the State failed to question him concerning the issuance of any ticket. The defense did not ask about a ticket for causing the accident, but Havard's attorney asked whether Ruffin had issued a ticket to Havard for leaving the scene. This inquiry reasonably invited a redirect question about other tickets. In addition, if Havard felt that more explanation was needed after the redirect examination, Havard could have requested, as he did with another witness, permission for additional cross-examination of Officer Ruffin. Instead, he only objected after the State finished with its redirect. Recross examination is permitted within the trial court's discretion, an opportunity that Havard's attorney did not seek. Hubbard v. State, 437 So.2d 430, 434 (Miss.1983).

3. Testimony about Ultimate Issue
¶ 11. Havard argues that the court erred in allowing the testimony of Officer Ronald Rayburn, an expert witness, as to the "ultimate issue" of whether Havard drove negligently. The testimony in question was this:
PROSECUTION: In your opinion, was Mr. Havarddriving negligently?
DEFENSE COUNSEL: We object to that, Your honor.
PROSECUTION: It's his opinion, Judge.
COURT: Overruled.
OFFICER RAYBURN: Yes, ma'am
DEFENSE COUNSEL: Your Honor, this is a case where the State has the burden of proving two things. You cannot let this man invade the province of the jury. That's for them to determine. We object.
COURT: Overruled.
¶ 12. The witness, Officer Rayburn, was accepted by the court, without even an objection from the defense, as an expert on accident reconstruction. He testified as to measurements made at the accident scene, such as the length of skid marks and distance from point of collision to final resting place of the vehicles. From this he could determine the speeds of the vehicles initially and at the time of impact. Critically important opinions as to causation were then reached by the witness.
¶ 13. What this information allowed the witness to conclude goes directly to the issue of negligence. There was no dispute that Havard had been on a roadway controlled by a stop sign at its intersection with the through road on which the Backlin vehicle was traveling. The point of collision was in Backlin's lane of travel. Skid marks from Havard's vehicle began only 21 feet before the stop sign. Havard continued passed the point where he should have stopped and struck the Backlin car. The two vehicles continued to slide some additional distance until they came to rest. The witness, accepted as an expert at accident reconstruction, concluded that Havard had been driving at 57 miles per hour on a 45 miles per hour *1198 county road at the time that his brakes locked and had slowed only to 38 miles per hour at the time of collision. That necessarily meant that Havard had been speeding and ran the stop sign.
¶ 14. A defense accident reconstruction witness reached almost identical conclusions about speed and failure to stop at the intersection. However, this witness also testified that signs along the road Havard was traveling did not adequately warn of the approaching stop sign. In this way, Havard sought to raise an issue about whether the fault for Havard's failure to stop belonged to the local authorities for not properly maintaining the road. Even if this testimony created an issue about the degree of Havard's culpability for failing to stop, Havard's own witness testified that he was speeding. Driving a vehicle in violation of statutory requirements is negligence per se. Williams v. State, 161 Miss. 406, 137 So. 106, 107 (1931), cited with approval in Cutshall v. State, 191 Miss. 764, 4 So.2d 289, 291 (1941). The same rule applies in civil litigation. Haul Co. v. White, 232 So.2d 705, 708 (Miss.1970). Negligence exists at least absent evidence of necessity or other justification.
¶ 15. Committing a misdemeanor traffic offense is negligence, but such negligence does not constitute a prima facie case of vehicular manslaughter if a death results. Cutshall, 191 Miss. at 772, 4 So.2d at 291, cited with approval in Dale v. Bridges, 507 So.2d 375, 378 (Miss.1987). The negligence of speeding or of running a stop sign must still be shown to have been the cause of the accident. Several jury instructions dealt with the causation issue, perhaps none as pointedly as instruction S-6A.
The Court instructs the Jury that if you believe from the evidence, beyond a reasonable doubt, the death of Elvin Nobles was caused by the negligence of Keith E. Havard at the time when he was driving or operating a motor vehicle while under the influence of alcohol or when he had over ten percent (10%) weight volume of alcohol in his blood, then it will be your sworn duty to find the Defendant guilty as charged.
Another instruction defined "negligence." What these instructions required is that the jurors find that Havard was driving under the influence of alcohol and that he negligently caused a death. Those are the elements identified by the Supreme Court as necessary for conviction under the relevant statute: (1) operating a vehicle under the influence of intoxicating liquor or with.10% blood alcohol content and (2) negligently causing death. Miss.Code Ann. § 63-11-30(1) and (4) (Supp.2000); Wilkerson v. State, 731 So.2d 1173, 1179 (Miss. 1999).
¶ 16. Therefore, Havard's negligence was conceded even by his own accident reconstructionist when the estimate about speeding was given. Regardless, the State's witness's computation of Havard's speed of twelve miles per hour above the speed limit definitely was evidence of negligence for violating speed restrictions. For the witness to say that Havard was "negligent" put the unavoidable legal label to the facts that the witness, consistent with his expertise, just described. What that label did not answer is whether Havard was guilty of the crime charged. That required additional proof about causation and intoxication.
¶ 17. What we still have not addressed, even if the conclusion about negligence flows inexorably in a court of law from proof of violation of traffic rules, is whether this expert witness should have been allowed to express that opinion. Expert testimony must be both within the expertise of the witness and assist the trier of *1199 fact. M.R.E. 704; CAROLYN ELLIS STATON, MISSISSIPPI EVIDENCE 227-229 (1995). The witness's opinion as to whether it was negligent for Havard to speed and to run this stop sign was founded on the conclusions derived from accident reconstruction, but drew also from the legal definition of "negligence." Such legal conclusions were not within this witness's expertise. The opinion also did not assist the trier of fact, as whether these facts proved negligence was for the jury to determine based on the instructions it was given.
¶ 18. However, as shown in our excerpt from the transcript, the only objection made was that the witness could not "invade the province of the jury." In fact, under Rule 704, such an invasion is not absolutely barred. Thus we find the defense did not make an adequate objection to the specific problem that this testimony raises. Moreover, the legitimate factual issue was not whether Havard was negligent he clearly was negligent at least for speedingbut whether his negligence was a factor in causing this death and whether he was legally intoxicated at the time. Though it was inappropriate for the witness to give an opinion about the legal concept of negligence, the opinion was harmless. Havard's problem was not the improper magic word "negligence," but the proper expert testimony that he was speeding and ran the stop sign. Havard's own witness agreed that he was speeding. No reasonable juror, having accepted the proper opinion testimony, could fail then to reach the self-evident even if not guilt-decisive conclusion about negligence.

4. Marijuana Use of Defense Witness
¶ 19. The State before trial agreed not to mention that the blood sample taken from Havard tested positive for marijuana. Havard claims the court erred in allowing the State to question a defense witness on that witness's use of marijuana on the day of the accident. The State only agreed to exclude Havard's marijuana use. That limit was honored. We next turn, irrespective of an agreement, to the admissibility of the witness's admitted marijuana use on the day of the accident.
¶ 20. The witness, Ronnie Rhymes, testified as to Havard's activities during the time before the accident. Havard spent the day at Rhymes' home helping repair a car. Rhymes testified as to the amount of alcohol that he saw Havard drink. Consequently, the witnesses' memory and powers of observation were important. It was accepted by the trial court that marijuana use could affect both. We find this limited cross-examination concerning Rhymes use of marijuana to have been proper.

5. Denial of Defense Instruction
¶ 21. Havard argues that the court erred in denying a defense instruction that allegedly was the only one that defined impairment. Reversible error is committed when the instructions do not instruct the jury on the essential elements of the crime. Hunter v. State, 684 So.2d 625, 635 (Miss.1996). If the instructions read together fully instruct the jury as to the law, then if an instruction of some variation is denied, there is no reversible error.
¶ 22. One of the other instructions given to the jury contained the necessary elements of this crime, which are negligently causing a death while operating a motor vehicle while under the influence of intoxicating liquor or with .10% blood alcohol content. Miss.Code Ann. § 63-11-30(1) and (4) (Supp.2000), Wilkerson, 731 So.2d at 1179. Instructions were also given that defined the terms "driving under the influence" and "negligence" adequately and fully.
*1200 ¶ 23. The instruction refused was cumulative. Courts do not commit reversible error by denying cumulative instructions. Ragin v. State, 724 So.2d 901, 906 (Miss.1998).

6. Jury Error
¶ 24. Havard finds reversible error in the fact that apparently one of the jurors underlined and marked on one of the instructions. He argues that this constituted an unauthorized alteration.
¶ 25. Several phrases in a defense instruction were underlined. They included that jurors must, "carefully scrutinize all the testimony given" and "consider the witness's ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters." The phrase "an accurate recollection" was circled. In addition, the following words were added in the margin: "he `numbers man' has no recollection, only speculation." Jurors were never told to avoid writing on instructions. We do not place them in error for having failed to comply with directions that were not given.
¶ 26. Havard has not described any legal error or factual harm in jurors' writing on instructions. One case relied upon by Havard only held that extraneous influences on a jury's deliberations are impermissible. Collins v. State, 701 So.2d 791, 796 (Miss.1997). However, in Collins, the judge sent a copy of a law dictionary into the jury room. Id. Such extraneous influences were not present in this case. What was written was what also could have been expressed orally during the jurors' deliberations. There was no misconduct or other defect revealed by these markings.

7. Insufficient Evidence
¶ 27. Havard asserts that the evidence was insufficient to sustain the jury's verdict. To review such an issue, an appellate court must consider the evidence in the light most favorable to the State, accepting as true all supporting evidence and all reasonable inferences drawn from such evidence. Harrell v. State, 583 So.2d 963, 964 (Miss.1991). If the evidence is such that fair-minded jurors might have reached the verdict, the conviction must be allowed to stand. Jackson v. State, 614 So.2d 965, 972 (Miss.1993). Any questions as to the weight and credibility of the evidence presented is within the province of the jury. Fisher v. State, 481 So.2d 203, 212 (Miss.1985).
¶ 28. Here, the evidence in favor of the verdict shows that approximately ninety minutes after the accident Havard's alcohol blood content was at .11%. There was testimony that Havard drank before the accident and smelled of alcohol afterwards. An accident reconstructionist testified as to the vehicles' speeds and that Havard was traveling 38 miles per hour when his car collided with Backlin's after Havard failed to stop at the intersection. More than enough evidence was presented to the jury to support its verdict.
¶ 29. In Havard's reply brief, he raises the issue of admissibility of the blood test itself. Recently, the Supreme Court held that a statute that required blood testing after an accident that resulted in a death was unconstitutional. McDuff v. State, 763 So.2d 850, 855 (Miss. 2000). The Court held that taking a blood sample had to be based on probable cause or consent. Id. Here, Havard signed a consent form to have his blood drawn and tested for law enforcement purposes. Therefore, the evidence of .11% blood alcohol content was admissible.

8. Unduly Harsh Sentence
¶ 30. Havard's final assignment of error is the length of his sentence. He *1201 was sentenced to twenty years with eight suspended and five years probation. The length of a sentence is within the discretion of the judge limited by statutory and constitutional provisions. Jackson v. State, 551 So.2d 132, 149 (Miss.1989). Felony driving under the influence of alcohol carries a minimum sentence of five years and a maximum sentence of twenty-five years. Miss.Code Ann. § 63-11-30(5) (Rev. 2000). Havard's sentence is within these statutory limits. We also find no constitutional excessiveness.
¶ 31. THE JUDGMENT OF THE CIRCUIT COURT OF GEORGE COUNTY OF CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE OF ALCOHOL CAUSING DEATH AND SENTENCE OF TWENTY YEARS WITH EIGHT YEARS SUSPENDED AND FIVE YEARS PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST APPELLANT.
McMILLIN, C.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, and MYERS, JJ., concur.
KING, P.J., dissents with separate written opinion, joined by CHANDLER, J.
KING, P.J., dissenting:
¶ 32. Officer Rayburn was tendered and accepted as an expert in accident reconstruction. Rule 702 of the Mississippi Rules of Evidence allows expert testimony when it will assist the trier of fact in understanding the evidence, or in determining an issue of fact. The admission of expert testimony is a matter left to the sound discretion of the trial court. Holliday v. State, 758 So.2d 1078, 1080(¶ 5) (Miss.Ct.App.2000).
¶ 33. Pursuant to Rule 704, M.R. E., where evidence is not subject to other objections, expert testimony is not inadmissible because it addresses the ultimate issue to be decided by the fact finder. However, such evidence is not permitted when its sole function is to state a legal conclusion, or tell the finder of fact what to find. Alexander v. State, 610 So.2d 320, 334 (Miss.1992).
¶ 34. To the extent Rayburn's testimony explained to the jury, based upon the evidence, his opinion of how the collision occurred, it was permissible. However, to the extent his testimony merely stated a legal conclusion it was impermissible.
¶ 35. There are two questions asked by the State which are problematic. The first, asked on direct examination was, whether Rayburn had an opinion as to the cause of impact. Rayburn's response was:
My opinion is, he was driving in a careless manner. He was not, number one, observing the posted speed, lawful speed limit. And he failed to stop at the stop sign.... The southeast corner of the intersection, which was at that time clearly, readily seeable to see the stop sign, as he was approaching from a sufficient distance down River Road, that there was an intersection.
¶ 36. On re-direct, the following exchange occurred:
Q. In your opinion, was Mr. Havard acting driving negligently?
BY MR. SHADDOCK: We object to that, Your Honor.
BY MS. BRADLEY: It's his opinion, Judge.
BY THE COURT: Overruled.
BY THE WITNESS: Yes, ma'am.
BY MR. SHADDOCK: Your Honor, this is a case where the State has the burden of proving two things. You cannot let this man invade the province of the jury. That's for them to determine. We object.

*1202 BY THE COURT: Overruled.
¶ 37. "There is a difference between questions of opinion of guilt of a defendant and questions of opinion on other possible matters of ultimate fact." Id. (citing United States v. Masson, 582 F.2d 961 (5th Cir.1978)).
¶ 38. The indictment alleged that Havard operated his "vehicle in a negligent manner." This was an ultimate issue to be resolved by the jury. See Miss Code Ann. § 63-11-30(5) (Rev. 1996). The statements by Rayburn, "My opinion is, he was driving in a careless manner" and that Havard was negligent, are both impermissible attempts to draw a legal conclusion as to the ultimate issue. As such, this information should not have been admitted.
¶ 39. Where trial court error consists of the improper admission of evidence, we may only reverse where the error adversely affects a substantial right of a party. In re Estate of Mask, 703 So.2d 852, 859 (Miss.1997); Terrain Enters., Inc. v. Mockbee, 654 So.2d 1122, 1131 (Miss.1995); M.R.E. 103(a). Here, the substantial right affected was that of Havard to a fair trial, pursuant to MISSISSIPPI CONSTITUTION Article 3, Section 14 and the Fourth Amendment of the U.S. CONSTITUTION. "If a constitutional right has been violated, the case must be reversed unless the Court finds that the `error was harmless beyond a reasonable doubt' upon consideration of the entire record." Ballard v. State, 768 So.2d 924, 928(¶ 13) (Miss.Ct.App.2000) (citing Newsom v. State, 629 So.2d 611, 614 (Miss.1993)).
¶ 40. While there is significant evidence suggesting that Havard was impaired on the evening in question, the evidence is slim on the element of negligence. The only eyewitness to testify was not even asked if he saw Havard run the stop sign. There are inferences which may be drawn from the testimony, that suggest Havard caused the accident. However, the admission of Rayburn's testimony that Havard was negligent appears to have unfairly tipped the evidentiary scales to the side of the prosecution thereby prejudicing Havard's case and violating his right to a fair trial. I do not under these circumstances believe this to be harmless error.
¶ 41. I, would reverse and remand for a new trial.
CHANDLER, J., joins this opinion.