883 So.2d 1188 (2004)
Kelvin McKENZIE, Appellant,
v.
SUPERVALU, INC. and Buster Peeples, Appellees.
No. 2002-CA-01540-COA.
Court of Appeals of Mississippi.
October 5, 2004.
*1189 John H. Cox, Greenville, attorney for appellant.
Lawrence D. Wade, Greenville, attorney for appellee.
Before KING, C.J., LEE, P.J., and GRIFFIS, J.
GRIFFIS, J., for the Court.
¶ 1. Kelvin McKenzie filed suit against Supervalu, Inc. and its employee, Buster Peeples, in the Circuit Court of Washington County seeking damages for personal injuries sustained during an automobile accident. The jury returned a verdict for Supervalu and Peeples. The trial court denied McKenzie's post-trial motions. On appeal, McKenzie asserts that the trial court erred in: (1) admitting certain testimony of James Hannah in violation of Mississippi Rule of Evidence 704; (2) admitting certain testimony of James Hannah in violation of Mississippi Rule of Civil Procedure 26(b)(4) and 26(f); and (3) denying his post-trial motions. Finding no error, we affirm.

FACTS
¶ 2. On November 1, 2000, Investigator Kelvin McKenzie of the Washington County Sheriff's Department was traveling in his unmarked squad car on Highway 82 between Leland and Greenville. Buster Peeples was driving a tractor trailer, owned by Supervalu, ahead of McKenzie on Highway 82 in route to Auto Body Rebuilders. Sometime before reaching the stretch of highway in front of Auto Body Rebuilders, McKenzie passed a vehicle driven by Larry Evans and another vehicle. Upon reaching the stretch of highway in front of Auto Body Rebuilders, McKenzie discovered the tractor trailer driven by Peeples negotiating the turn into the Auto Body Rebuilders' driveway. McKenzie applied his brakes and attempted to steer his car around the trailer. However, his attempt failed and his car skidded into the rear of the trailer.
¶ 3. McKenzie suffered severe injuries to his ankle and lower leg as the result of the accident. He commenced his personal injury action and alleged that Peeples' negligence was the cause of the accident. McKenzie sought to recover damages for his injuries. The jury returned a verdict in favor of Supervalu and Peeples.

ANALYSIS

I. Whether the trial court erred in admitting certain testimony of expert witness, James Hannah, in violation of Mississippi Rule of Evidence 704.
¶ 4. McKenzie argues that the court erred in admitting expert testimony from James Hannah, an accident reconstructionist, *1190 based on paragraph six of his report, which stated:
Given the slow speed the Peeples's vehicle was turning, if Mr. McKenzie had been keeping a proper look out and operating his vehicle under control at a safe speed, this accident would not have happened.
McKenzie asserts that this portion of the report goes beyond the type of expert opinion testimony ordinarily admitted pursuant to Mississippi Rule of Evidence 704. McKenzie cites Havard v. State, 800 So.2d 1193, 1199 (¶ 17) (Miss. Ct.App.2001), which ruled that an expert's opinion which draws from the legal definition of "negligence" is not within the witness's expertise. However, the Havard court concluded:
the only objection made was that the witness could not "invade the province of the jury." In fact, under Rule 704, such an invasion is not absolutely barred. Thus we find that the Defense did not make an adequate objection to the specific problem that this testimony raises.
Id. at 1199.
¶ 5. Here, McKenzie's counsel made the following objection:
MR. COX: Your Honor, if I might respond to that? In fact, I'm glad Mr. Wade brought that up because Number Six, first of all, is an opinion of this witness that is outside his ability to express. That is a question for the jury. And I'm going to ask this Court to strike from this report before it is [sic] admission. But that fact is 
THE COURT: To strike what?
MR. COX: Paragraph Number Six under his "My opinions in the case are:"... (repeating Paragraph Six) ... Your Honor, that is not admissible as far as an expert's opinion. That is invading the province of the jury.
¶ 6. Mississippi Rules of Evidence 704 provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." The comment to the Rule provides:
Rule 704 abolishes the "ultimate issue rule" which existed in pre-rule Mississippi practice.... An opinion is no longer objectionable solely on the grounds that it "invades the province of the jury."
The abolition of the ultimate issue rule does not result in the admission of all opinions. It is an absolute requirement under Rules 701 and 702 that opinions must be helpful to a determination of the case before they are admissible....
¶ 7. The sole objection, expressed at trial by McKenzie, was that Hannah's testimony invaded the province of the jury. Rule 704 leaves no doubt that this is insufficient grounds for exclusion.
¶ 8. Given the court's decision to overrule McKenzie's objection and admit paragraph six of the report, it is evident that the court determined that the testimony was helpful to the determination of the case. The decision to hold certain expert testimony admissible is within the trial judge's discretion absent an abuse of that discretion. Crawford v. State, 754 So.2d 1211, 1216 (¶ 7) (Miss.2000). We hold that the judge's decision to admit the testimony did not constitute an abuse of discretion. This assignment of error is without merit.

II. Whether the trial court erred in admitting certain testimony of expert witness, James Hannah, in violation of Mississippi Rules of Civil Procedure 26(b)(4) and 26(f).
¶ 9. In his initial calculations, Hannah relied on the speeds and distances that Peeples reported during pretrial discovery. *1191 During discovery, there were differing accounts about the speeds, the distances between the vehicles, and the distances to certain locations. Hannah considered these differences in making his calculations.
¶ 10. At trial, witnesses gave different estimates about the speeds and distances. Thus, Hannah used different numbers in his calculations. McKenzie claims that the court erred in allowing Hannah to use different numbers in calculating the speed at which he believed McKenzie's vehicle was traveling. McKenzie argues that Hannah's prior report should have been supplemented, pursuant to Mississippi Rules of Civil Procedure 26(f). Absent such supplementation, Hannah's testimony and report were inadmissible.
¶ 11. McKenzie's counsel objected on the grounds that Hannah based his calculations at trial on evidence that was not contained in his report. McKenzie's counsel argued that it was improper for Hannah to use different figures in calculating the vehicle speeds. The court found that:
based on what has been presented as the report of Mr. Hannah, that Mr. Hannah did give notice that he would be talking about distances, speeds, and times the vehicles would be traveling; that his opinion does speak about not only the speed of Mr. McKenzie's vehicle which does go into greater detail, but it also makes or gives the opinions about not the specific speed but the fact that Buster Peeples' vehicle or the vehicle he was driving was traveling at a slow speed; within the deposition of this witness there was much questioning and discussion about his calculations and the speeds that he calculated. The Court doesn't find that he is doing anything inconsistent with that in the testimony that is sought to be elicited. He's using the same formulas  unless you want to tell me that it's different  that he used both in his report and in his deposition's testimony, applying those to the facts of this case. And one of the major facts of the case that was taken into consideration and he's now being asked to testify about is the speed and the time that it would have taken for Mr. Peeples's vehicle to travel during the course of or relatively close to the time of the accident. I don't find it to be beyond what has been provided.
* * *
Okay. The Court is going to find that, at least, what has been presented and what I have seen is not a defense of method of calculations, and that the witness is using the  he has indicated that he's using the facts as they have been brought out at trial today. He has sat and heard the testimony of witnesses during this trial. The issues that are subject of objection are subjects for cross-examination.
¶ 12. Mississippi Rules of Civil Procedure 26(b)(4)(A)(i) provides guidelines of what information regarding experts must be disclosed during discovery. The Rule provides that:
A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds of each opinion.
¶ 13. Hannah's testimony and calculations relied on distances and speeds that were reported to him. At trial, when the reports of speed and distance changed, Hannah recalculated his opinion using the same methods and formulas that were admitted into evidence. The subject matter *1192 or substance of Hannah's testimony did not change.
¶ 14. In Square D. Co. v. Edwards, 419 So.2d 1327, 1329 (Miss.1982), the supreme court held that:
a party must not only supplement interrogatories to reveal the identity of expert witnesses expected to be called at trial, but must also supplement interrogatories to reveal the substance of the testimony of such experts, if not stated in answers to the original interrogatories.
Based on the record we find that the interrogatory responses, expert designation, and deposition testimony gave McKenzie sufficient notice of the substance of Hannah's testimony. Therefore, this assignment of error is without merit.

III. Whether the trial court erred in denying McKenzie's post-trial motions.
¶ 15. McKenzie argues that the trial court erred in failing to grant him a directed verdict, JNOV, or new trial because the verdict was against the overwhelming weight of the evidence. Supervalu and Peeples respond that the jury was properly allowed to consider the conflicting accounts of the circumstances leading up to the accident.
¶ 16. McKenzie also submits that his testimony and Paul Evans' testimony established that Peeples violated Mississippi Code Annotated Sections 63-3-603 (Rev. 2000) and 63-3-707 (Rev.2000). However, this conclusion disregards the fact that differing accounts of the accident were given at trial.
¶ 17. "The standard of review for denial of a judgment notwithstanding the verdict and a directed verdict are identical." American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995) (citing Sperry-New Holland v. Prestage, 617 So.2d 248, 252 (Miss.1993)). We are required to consider the evidence in the light most favorable to the non-moving party, and if the facts are so overwhelmingly in favor of the moving party that a reasonable juror could not have agreed with the verdict at hand, we must reverse. Sperry-New Holland, 617 So.2d at 252. If there is substantial evidence, however, in support of the verdict, such that a reasonable person may have reached different conclusions, we must affirm. Id. In regard to a motion for a new trial, this decision is within the sound discretion of the trial judge. Green v. Grant, 641 So.2d 1203, 1207 (Miss.1994). A motion for new trial should only be granted when the entire evidence, viewed in the light most favorable to the non-moving party, leaves the trial judge with a "firm and a definite conviction that the verdict, if allowed to stand, would work a miscarriage of justice." Id. That is not the case here.
¶ 18. Due to the conflicting facts presented at trial, the outcome of the case hinged on the jury's determination of which rendition of facts the jury believed occurred.
¶ 19. McKenzie testified that, upon approaching the tractor trailer driven by Peeples, he moved his car into the left lane to pass the tractor trailer. Then, the tractor trailer moved into the left lane. McKenzie, attempting to pass the tractor trailer to the right, moved his car into the right lane. McKenzie testified that this was when Peeples suddenly and without signal turned to the right across the right lane.
¶ 20. On cross-examination, McKenzie testified that after he turned onto Highway 82 he began pursuit of a car he witnessed commit a traffic violation. However, he testified that he abandoned the chase and slowed to fifty-five miles per *1193 hour before nearing the area where the accident occurred.
¶ 21. Peeples testified that, before he turned, he checked behind him and was certain that the traffic was at a far enough distance for him to make the turn. He signaled and then made the turn.
¶ 22. Hannah testified that, according to his calculations, it was his opinion that McKenzie's car was traveling seventy miles per hour. Evans testified that McKenzie passed him shortly before reaching Auto Body Rebuilders at a speed of what he estimated to be sixty-five miles per hour. Robert Upshur of Auto Body Rebuilders testified that he heard the Supervalu tractor trailer's brakes, walked outside, told his employees to raise the door, and then heard the squealing of tires and the crash. Upshur testified that he remembered the truck's turn signal being on when he examined the tractor trailer.
¶ 23. The jury considered the evidence and determined that Supervalu and Peeples were not liable for the injuries McKenzie suffered as a result of the accident. Based on the record, there was substantial evidence presented to support this verdict. Thus, this assignment of error is without merit.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.