Bush Construction Company, et al. *v.* Walters

No. 43099 June 8, 1964 164 So. 2d 900

*Melvin, Melvin & Melvin,* Laurel, for appellants.

*Maxey & Clark,* Laurel, for appellee.

GILLESPIE, J.

Mrs. Jeanette J. Walters sued Bush Construction Company on behalf of herself and infant daughter for the wrongful death of Sherry Lynn Walters, adopted daughter of Mrs. Walters and sister of the other plaintiff. Sherry Lynn Walters died as a result of the collision of an automobile in which she was riding with a truck belonging to and operated for Bush Construction Company. The jury returned a verdict for $75,000. Judgment was entered accordingly and defendant appealed.

The accident occurred in Jones County near Ellisville at the intersection of Mississippi Highway 588, a blacktopped highway which runs east and west, and a graveled road which runs north and south. Miles Walters, deceased, husband of Mrs. Jeanette J. Walters, was driving an automobile south on the graveled road. Sherry Lynn Walters, age five, and another child of the Walters were riding with their father, Miles Wal-

ters, and as the automobile proceeded into the said intersection traveling south it was struck on the right side by a loaded gravel truck owned by Bush Construction Company, appellant, which was being driven by Larry Musgrove. The truck and its load weighed about 58,000 pounds. The front end of the truck struck the right side of the automobile and pushed it a distance of about 90 feet. The trailer part of the truck, which contained 16 cubic yards of gravel, turned over at some point between the point of impact and the place where the truck came to rest. All three occupants of the automobile were killed.

The evidence on behalf of appellee-plaintiff was that the truck was traveling about 60 miles an hour as it approached and when it entered the intersection, and was some 150 to 300 feet west of the intersection when the automobile entered the intersection from the north. After a careful review of all the evidence and several photographs showing the scene of the accident and the vehicles involved, we are of the opinion that the jury was justified in finding that Larry Musgrove, driver of the Bush truck, was negligent in operating the truck at an excessive rate of speed or in failing to keep a proper lookout.

The evidence on behalf of appellant-defendant tended to prove that Miles Walters drove his automobile into said intersection at a time when the Bush truck traveling at a reasonable speed was so close to said intersection as to create a traffic hazard, and that Miles Walters failed to stop at a stop sign. In our opinion, the evidence conclusively shows that Miles Walters was guilty of negligence, but since we are of the opinion that the jury was justified in finding the driver of the truck guilty of negligence which was a concurring proximate cause of the collision, it cannot be said that appellant was entitled to a directed verdict, as it vigorously argues in this Court.

The first assignment of error is that the evidence is not sufficient to sustain the verdict for plaintiff. We are of the opinion that there is no merit to this contention. It was a jury question whether appellant's driver, Larry Musgrove, was guilty of negligence proximately contributing to the collision, and we are unable to say that the jury was not correct in its verdict. We have carefully reviewed the numerous cases cited by appellant and none require reversal of this case.

 Appellant argues that Mrs. Jeanette J. Walters, the appellee, the adopting parent of the deceased, does not have the right to bring an action for the wrongful death of her adopted child. The Court held in Boroughs v. Oliver, 217 Miss. 280, 64 So. 2d 338 (1953), that the statute which provides for a right of action in the parent of a child for its wrongful death meant a natural parent and did not include an adoptive parent. In 1955, by Chap. 34, Laws of 1955, the adoption laws were rewritten and Section 6 of that Act provided in part as follows:

"The final decree shall adjudicate, in addition to such other provisions as may be found by the court to be proper for the protection of the interests of the child, and its effect unless otherwise specifically provided, shall be that (a) the child shall inherit from and through the adopting parents and shall likewise inherit from the other children of the adopting parents to the same extent and under the same conditions as provided for the inheritance between brothers and sisters of the full blood by the laws of descent and distribution of the State of Mississippi, and that the adopting parents and their other children shall inherit from the child, just as if such child had been born to the adopting parents in lawful wedlock; (b) the child and the adopting parents and adoptive kindred, are vested with all of the rights, powers, duties and obligations, respectively, as if such child had been born to the adopt-

ing parents in lawful wedlock, including all rights existing by virtue of section 1453 of the Code of 1942; . . . .''

The adoption of Sherry Lynn Walters was by decree of the Chancery Court of the First Judicial District of Jones County, Mississippi, dated October 19, 1957, and that decree provided in detail the inheritance rights of the parents from the child and of the child from the parents, and provided that the adopted child should inherit from other children of the adopting parents and otherwise the same as if said child had been born to said adopting parents. It also provided that the other children of the adopting parents could inherit from Sherry Lynn Walters. Said decree provided that the adopting parents and the adoptive kindred be vested with all the rights, powers, duties, and obligations, respectively, as if such child had been born to the adopting parents in lawful wedlock, including all rights existing by virtue of Section 1453, Miss. Code 1942, and amendments thereto.

Section 1453 is the wrongful death statute under which the present action was brought. Chapter 285, Laws of 1958, amended Code Section 1453 so as to provide that adopting parents have the same right as a blood parent under said act for the wrongful death of an adopted child. The 1958 amendment provided that the Act should apply where the death occurs after the passage of that Act.

The accident occurred long after Section 1453 had been amended in 1958. We are of the opinion that under these statutes, Mrs. Jeanette J. Walters, the adoptive parent of Sherry Lynn Walters, and Kimberly Sue Walters, her infant daughter, were entitled to bring this action for the wrongful death of Sherry Lynn Walters.

Appellant assigns as error the granting to appellees of an instruction that if the truck was being driven at a greater rate of speed than 50 miles per

hour immediately before the collision that such speed would constitute negligence, and if such negligence proximately contributed to the collision then the verdict should be for plaintiff. We are of the opinion that this instruction was proper. There was evidence that the truck was traveling at 60 miles an hour, which would be in violation of Code Section 8176.

■■ ■ Appellant complains of the refusal of an instruction appearing on page 39 of the record, which is an attempt to instruct the jury that it would be negligence for plaintiff's decedent to enter the intersection when the truck had approached so closely thereto as to constitute an immediate hazard, but we are of the opinion that the trial judge correctly refused this instruction as it was not properly presented. Appellant was entitled to an instruction under Code Section 8197, but the refused instruction was calculated to confuse the jury, did not properly present the issue, and was properly rejected.

■■ ■ The appellant complains of the refusal of the following instruction requested by him:

"The Court instructs the jury for the defendants that when the operator of a car is confronted with a stop sign at an intersection in addition to being legally obligated to bring his vehicle to a complete stop a motorist is held to the duty of appraising traffic in the intersecting highway and of making certain that the way is clear for him to make a safe passage across the highway."

Part of this instruction is correct as an abstract statement, but that part requiring a motorist to make certain that the way is clear for him to make a safe passage across the highway has no place in the instruction. It makes the person entering the intersection an insurer of his own safety regardless of the negligence of others. It was properly refused.

We have carefully reviewed the other assignments of error based on the instructions and on alleged statements attributed to plaintiff's attorney and find no merit therein.

 █ Finally, appellant contends that the verdict of the jury is so excessive as to evince bias and prejudice on the part of the jury. The verdict was for $75,000. The child was five years old, and had a life expectancy of 64 years. Obviously there could be no proof of earning capacity.

In Gordon v. Lee, 208 Miss. 21, 43 So. 2d 665 (1949), this Court reversed a judgment for the next of kin of a five year old girl in the amount of $2,000 on the ground it was wholly inadequate. The child endured much physical pain and suffering during the several hours between the accident and her death. It was said that in an action for the wrongful death of a child, the amount to be recovered is the value of the services of the child from the time of death up to majority, plus damages for the physical and mental anguish suffered by the child after injury, to which may be added such gratuities as the evidence may show the parents had a reasonable expectation of receiving before and after majority, and also whatever sum the child might have recovered as the present value of her own expectancy. Code Section 1453.

In Reed v. Eubanks, 232 Miss. 27, 98 So. 2d 132 (1957), an eight year old girl was killed in Winston County. She was struck after she had crossed the highway and entered the driveway of her residence when defendant's truck went out of control while its driver was endeavoring to avoid hitting the child. The court declined to instruct on punitive damages. A verdict of $40,000 was affirmed by this Court. It was said that the present net value of the life of the deceased is a proper element of damage, which may be recovered in an action for the wrongful death of a minor child. The

opinion conceded that the verdict was larger than many others concerning the death of a minor child, without punitive damages, but there is no exact yardstick for such damages. So "in view of the age of the decedent, her life expectancy, and the elements of damages which the jury was permitted to consider," the Court affirmed the verdict.

In Bush v. Watkins, 224 Miss. 238, 80 So. 2d 19 (1955), the Court affirmed a verdict against a truck owner for the death of a twenty year old boy for $43,-117.50 actual damages and $10,000 punitive damages. The trial court instructed that plaintiffs could recover loss of companionship, medical expenses, and the present net cash value of the life of the deceased at the time of his death. This Court affirmed. In that case the decedent had a substantial earning record.

In Louisville & N.R.R. Co. v. Whisenant, 214 Miss. 421, 58 So. 2d 908 (1952), the Court affirmed a verdict of $20,000 for the death of a twelve year old boy who was killed by a train.

In Sandifer Oil Co. v. Dew, 220 Miss. 609, 71 So. 2d 752 (1954), the Court affirmed a death award of $90,000 to the parents, brother and sister of a fifteen year old minor who lived a period of 99½ hours after receiving second and third degree burns with considerable pain and suffering, and the parents and brother and sister had a long life expectancy. The opinion in the case points out that the child in that case endured the most intense and excruciating pain, and the Court said: "As to the extent of her injury, we have not been able to find any case which approaches the horrors described in this one."

The deceased child in the present case was an intelligent, lovable and beautiful child and a strong bond of affection existed between her and her adopted mother.

We have reviewed the recent cases involving death of children. Other cases from time to time come before

this Court where the amount of the verdict is either not at issue or. is not discussed in the opinion. The child in the case at bar did not regain consciousness after she was injured. Considering all the facts and circumstances of the case in the light of the experience with other cases of this kind, we are of the opinion that the verdict exceeds compensatory damages to the extent that it evinces bias, passion and prejudice on the part of the jury. The case will, therefore, be reversed for a new trial on the issue of damages only unless appellees enter a remittitur of $35,000 within ten days after the judgment of this Court becomes final. If such remittitur is entered, the judgment will be affirmed in the amount of $40,000 with interest at 6% per annum from the date of its rendition in the trial court. I.C.R.R. Co. v. Nelson, 245 Miss. 395, 148 So. 2d 712.

 When this Court decides a judgment is so excessive as to require a reversal it frequently gives the appellee an option (1) of having the case remanded for a new trial on the issue of damages only, or (2) having the case affirmed for a reduced amount. This is an affirmance on condition. 5B C.J.S., Appeal and Error, Sec. 1859. This practice has long found favor with this Court in cases involving unliquidated damages when the Court is of the opinion the damages are grossly excessive. It has been referred to as ordering a remittitur, a term which does not correctly signify the nature of the Court's action. The Court does not order a remittitur and does not require the appellee to accept a reduced amount. The option belongs to appellee, who alone may determine whether to have a new trial or have the case affirmed for the lesser amount. 3 Am. Jur., Appeal and Error, Sec. 1179.

Scores of recent cases from many states involving the amount of damages for personal injuries resulting in death of infants are collected in an annotation in 14 A.L.R. 2d 550, brought to date by the Supplement

Service. None of the awards in the cases tabulated in the annotation was as much as $40,000, save one. If a remittitur is entered and the judgment in the case at bar affirmed for $40,000, it will be high in comparison with our own cases and those from the other states.

Affirmed on condition of remittitur.

*Kyle, P. J., and Ethridge, Brady and Patterson, JJ.,* concur.