GILLESPIE, Chief Justice:
Charles A. Smith and his wife, Mrs. Willie Mae Smith, filed separate suits in the Circuit Court of Hancock County against Bulk Transport, Inc., for personal injuries sustained in a collision between a truck *684 owned and operated by defendant and the automobile driven by Mr. Smith in which Mrs. Smith was a passenger. The cases were consolidated for trial and the jury brought in separate verdicts of $40,000 for Mr. Smith and $10,000 for Mrs. Smith. Defendant appealed to this Court. All issues raised concern the amount of damages. There is no issue as to liability.
With reference to the judgment in favor of Mr. Smith, the Court is of the opinion that the evidence reasonably justified the award of $40,000, and the Court is unable to say that this amount was so grossly excessive as to require interference with the jury verdict. The several assignments of error on the question of damages have been carefully considered and we are of the opinion that the record does not reveal reversible error, and the case as to Mr. Smith should be and it is affirmed.
Mrs. Smith, age 61, was taken to the hospital immediately after the injury and treated by Dr. Henry Maggio, whose examination revealed that she suffered from a broken dental plate, cuts to the mouth, bruises of her face, eyes, chest and left leg. All of the affected areas were x-rayed and it was revealed that she sustained a non-displaced fracture of her jaw and the tip of her nose. She was treated conservatively with medication and the jaw healed without being set. It was a relatively simple injury to treat and presented little problem as to healing. Mrs. Smith received medication to ease the pain and reduce the swelling in the aforementioned bruises. Her physician testified that three days after the accident Mrs. Smith’s fractured jaw was not bothering her and she was able to eat. She complained of chest pains and headaches while confined in the hospital, but she and her physician conceded that her main concern was her husband’s condition. She remained in the hospital from the date of the accident on March 17, 1970, through April 7, 1970, which was the same length of time her husband was in the hospital, her husband being much more severely injured. Her medical bills amounted to $1,186.70. Dr. Maggio was of the opinion that Mrs. Smith would be able to return to her normal routine within two or three months after leaving the hospital. He had not seen her for more than a year after her last visit in May 1970, about two months after the accident.
A careful review of the evidence concerning Mrs. Smith’s injuries clearly indicates that the verdict of $10,000 was not justified by the evidence and that the jury did not respond to reason. The Court is requested to reverse the judgment and remand it for a trial on the issue of damages only, or in the alternative, to suggest a re-mittitur. The practice of giving the plaintiff an option of accepting a reduced judgment or retrying the case has long found favor with this Court in cases involving un-liquidated damages when the Court is of the opinion that the damages are grossly excessive. In such instances the Court does not order a remittitur and does not require the plaintiff to accept a reduced amount. The option belongs to the plaintiff, who alone may determine whether to have a new trial or have the case affirmed for a lesser amount. Bush Construction Co. v. Walters, 250 Miss. 384, 164 So.2d 900 (1964).
The Court would affirm a judgment for $6,000 in this case. If the plaintiff will enter a remittitur for $4,000, the case will be affirmed, otherwise the judgment is reversed and remanded for a new trial as to Mrs. Smith on the issue of damages only.
Affirmed as to Mr. Smith; affirmed on condition of remittitur as to Mrs. Smith.
SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.