864 So.2d 959 (2003)
Gordon McFARLAND, Individually and as Administrator of Estate of Robert McFarland, Deceased, Appellant,
v.
Mildred LEAKE, Appellee.
No. 2001-CA-01200-COA.
Court of Appeals of Mississippi.
September 2, 2003.
Certiorari Denied January 29, 2004.
*960 Everett T. Sanders, Natchez, attorney for appellant.
W. Bruce Lewis, Natchez, attorney for appellee.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
LEE, J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. While we deny the appellant's motion for rehearing, we withdraw the original opinion issued in this case, and the following opinion is substituted as the opinion of this Court.
¶ 2. On June 19, 1996, Gordon McFarland, on behalf of the estate of Robert McFarland, filed a wrongful death suit in the Wilkinson County Circuit Court against Mildred Leake. The suit arose out of an April 1994 accident where Robert McFarland's truck and Mildred Leake's car collided, killing McFarland. In the complaint, the plaintiff/appellant specifically alleged that the sole cause of the accident was Leake's negligence in operating her car, and as a result McFarland's estate was entitled to two million dollars in actual damages and five million dollars in punitive damages for physical and mental pain and suffering experienced by the deceased, for loss of future earnings, and for loss of companionship and society, among other things. In November 1997, Leake filed a motion for summary judgment, which the judge granted after a hearing. On behalf of the estate of the deceased, Gordon McFarland argues on appeal that the judge erred in finding no genuine issue of material fact existed as would defeat Leake's motion for summary judgment. We review this issue on a de novo basis and find no reversible error; thus, we affirm.

DISCUSSION OF THE ISSUE

I. DID THE TRIAL COURT ERR IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT?
¶ 3. At the outset, we look to our standard of review concerning review of summary judgment matters:
This Court reviews orders granting summary judgment de novo. As such, all evidence is viewed in the light most favorable to the non-moving party and they are given the benefit of every reasonable doubt. The burden is placed on the moving party to show that no genuine *961 issue of material fact exists. A material fact is a factual issue "that matters in an outcome determinative sense." All questions of law are reviewed de novo.

Sample v. Haga, 826 So.2d 1293(¶ 3) (Miss. Ct.App.2002) (citations omitted). We also note the further burden on the movant:
We have stated the party moving for summary judgment has the job of persuading the court, first, that there is no genuine issue of material fact and, second, that on the basis of the facts established, he is entitled to judgment as a matter of law. The movant carries a burden of persuasion, not a burden of proof.... [T]he movant has no duty to provide an evidentiary predicate to negate the existence of a material fact as to those issues on which he does not bear the burden of proof at trial. Rather, as to issues where the movant does not bear the burden of proof at trial, he must initially only make a sufficient "informing," "pointing out," or "showing" that there is an absence of evidence to support the non-movant's case.
Hartford Cas. Ins. Co. v. Halliburton Co., 826 So.2d 1206(¶ 30) (Miss.2001) (citations omitted).
¶ 4. Summary judgments are addressed in Rule 56 of the Mississippi Rules of Civil Procedure. Specifically, part (c) of the rules states that the motion for summary judgment should be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c).
¶ 5. At the hearing on the motion for summary judgment McFarland submitted three affidavitsone from the Woodville Chief of Police attesting to the authenticity of the police records, one from the Wilkinson County Sheriff attesting to the authenticity of photographs taken at the accident scene, and one from purported "accident reconstructionist" Robert Cooper claiming that Leake was exceeding the posted speed limit at the time of the accident. To rebut, Leake submitted her own affidavit wherein she denied being negligent, and she stated that the deceased pulled out from a side street, failing to yield the right of way, and collided with her vehicle causing the accident.
¶ 6. McFarland argues in his brief that the central issue in this case is the alleged negligence of Leake in breaking the posted speed limit and the causal relationship of that negligence in causing the death of the victim. McFarland's lone supporting evidence in response to Leake's motion for summary judgment was the affidavit of his "expert," Robert Cooper. Cooper reviewed photographs of the vehicles and the scene, the accident report, and "on scene" measurements, and he concluded that Leake was traveling at 55 mph at the time of the collision. We look at this evidence in a light favorable to the non-movant, McFarland, and find that this affidavit alone does not raise any genuine issue of material fact to be tried. Even were Leake proven to have exceeded the speed limit by ten miles per hour, which Cooper's affidavit suggests, evidence of causation relating this negligence to the wreck had not been shown. The case of Havard v. State, 800 So.2d 1193 (Miss.Ct. App.2001), involved a criminal charge of vehicular manslaughter, but the law from that case is applicable to the present case as well: "Committing a misdemeanor traffic offense is negligence, but such negligence does not constitute a prima facie case of vehicular manslaughter if a death results. The negligence of speeding or of running a stop sign must still be shown, to have been the cause of the accident." Havard *962 v. State, 800 So.2d at 1198 (¶ 15) (citations omitted) (emphasis added). We also acknowledge that at the hearing on the motion, Leake expressed concerns that Cooper was employed and trained as a mechanical engineer specializing in air conditioning systems, and he was not shown to be an expert in the area of accident reconstruction as would qualify his opinion as "expert" under Frye v. U.S., 293 F. 1013, 1014 (D.C.Cir.1923).[1]
¶ 7. McFarland did not even attempt to produce probative evidence of significant and probative value in efforts to show the elements of duty, breach, causation, and injury.
In a negligence action, the plaintiff bears the burden of producing evidence sufficient to establish the existence of the conventional tort elements of duty, breach of duty, proximate causation, and injury. Therefore, in a summary judgment proceeding, the plaintiff must rebut the defendant's claim (i.e., that no genuine issue of material fact exists) by producing supportive evidence of significant and probative value; this evidence must show that the defendant breached the established standard of care and that such breach was the proximate cause of her injury.
Palmer v. Anderson Infirmary Benevolent Ass'n, 656 So.2d 790, 794 (Miss.1995).
¶ 8. As persuasive authority to the present case, McFarland cites the supreme court in Bush Constr. Co. v. Walters, 250 Miss. 384, 164 So.2d 900 (1964). In Walters, the court addressed a jury instruction at issue:
Appellant assigns as error the granting to appellees of an instruction that if the truck was being driven at a greater rate of speed than 50 miles per hour immediately before the collision that such speed would constitute negligence, and if such negligence proximately contributed to the collision then the verdict should be for plaintiff. We are of the opinion that this instruction was proper.
Walters, 250 Miss. at 391-92, 164 So.2d at 902-03. We find this rule inapplicable to the present situation in that, even were we to determine that Leake was speeding, as herein described McFarland has not proven that speed was the proximate cause of the collision. After our de novo review, we conclude the trial court did not err in finding that summary judgment was proper in this case; thus, we affirm.
¶ 9.THE JUDGMENT OF THE WILKINSON COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., THOMAS, MYERS AND CHANDLER, JJ., CONCUR. KING, P.J., DISSENTS WITH A SEPARATE WRITTEN OPINION. BRIDGES, IRVING AND GRIFFIS, JJ., NOT PARTICIPATING.
KING, P.J., DISSENTING:
¶ 10. I dissent from the majority opinion herein.
¶ 11. This case is before this Court on the grant of the defendant's motion for summary judgment.
¶ 12. Summary judgment should only be granted when the material facts demonstrate that the moving party is entitled to judgment as a matter of law. Williamson *963 ex rel. Williamson v. Keith, 786 So.2d 390(¶ 10) (Miss.2001).
¶ 13. Having read the record, it appears to be a close question of whether that standard has been met. Where it is a close question, it should be resolved against the grant of summary judgment. Prescott v. Leaf River Forest Products, Inc., 740 So.2d 301(¶ 15) (Miss.1999).
¶ 14. It is on that basis I dissent, and would remand this issue for trial.
NOTES
[1] Even after the adoption of Mississippi Rule of Evidence 702 (testimony by experts), Mississippi has not adopted the test set out in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), but rather utilizes the "general acceptance" test enumerated in Frye v. U.S., 293 F. 1013, 1014 (D.C.Cir.1923). See Kansas City Southern Ry. Co., Inc. v. Johnson, 798 So.2d 374(¶ 30) (Miss.2001).