LEE, P.J.,
for the Court.
FACTS
¶ 1. On August 21, 2001, Carl Williams and Willie Mae Reed went to Winn-Dixie.[1] *41 While they were shopping, Bennie Shiers, a produce manager for Winn-Dixie in Ya-zoo City, observed Reed place meats or sausages in her purse. Shiers and another Winn-Dixie employee approached Williams and Reed and asked for Williams and Reed to accompany them to the back of the store where Reed’s purse could be searched. As the quartet proceeded to the rear of the store, and before Reed’s purse could be searched, Williams told Reed to leave the store, and proceeded to escort her from the premises. Shiers followed the couple to the parking lot, wrote down the license plate of the car in which they left, and called the police.
¶ 2. Shiers provided a description of the suspects to the police. Based upon Shi-ers’s description of Reed, Shiers and the police concluded that Bobbie Scott, Williams’s wife, was Williams’s accomplice. Shiers signed an affidavit alleging Williams assisted Scott as she shoplifted three packs of meat from Winn-Dixie. Shiers signed an affidavit naming Scott as a shoplifter as well. Williams was arrested on September 25, 2001. He was acquitted of the shoplifting charges on October 3, 2001. Scott’s case was bound over to the Yazoo County grand jury, but the charges were later dismissed nolle prosequi by the district attorney’s office.
PROCEDURAL HISTORY
¶ 3. On August 21, 2002 Williams filed suit against Winn-Dixie, Bennie Shiers and John Does 1 through 3 in the Circuit Court of Hinds County, for malicious prosecution. Winn-Dixie filed its answer on September 10 and filed an amended answer on September 13. On August 20, 2003, Winn-Dixie and Shiers filed a motion for summary judgment against Williams. The trial court granted the motion for summary judgment on December 16, 2003, and it is from this ruling that Williams now appeals. Williams argues that the trial court erred in granting the motion because Williams made a prima facie showing of malicious prosecution.
STANDARD OF REVIEW
¶ 4. Our standard of review concerning review of summary judgment matters is well settled:
This Court reviews orders granting summary judgment de novo. As such, all evidence is viewed in the light most favorable to the non-moving party and they are given the benefit of every reasonable doubt. The burden is placed on the moving party to show that no genuine issue of material fact exists. A material fact is a factual issue “that matters in an outcome determinative sense.” All questions of law are reviewed de novo.
McFarland v. Leake, 864 So.2d 959, 960-961 (Miss.Ct.App.2003) (internal citations omitted).
DISCUSSION OF THE ISSUE
¶ 5. The elements of the tort of malicious prosecution are: (1) the institution of a proceeding (2) by, or at the insistence of the defendant (3) the termination of such proceedings in the plaintiffs favor (4) malice in instituting the proceedings (5) want of probable cause for the proceedings and (6) the suffering of injury or damage as a result of the prosecution. McClinton v. Delta Pride Catfish, Inc., 792 So.2d 968, 973(¶ 8) (Miss.2001). All six of these elements must be proven by a preponderance of the evidence. Van v. *42 Grand Casinos of Mississippi Inc., 724 So.2d 889, 891 (Miss.1998).
¶ 6. The first three elements of Williams’s claim of malicious prosecution exist without dispute, for Williams was arrested for shoplifting upon the accusation of Winn-Dixie and Shiers, and the criminal proceeding against Williams ended with a verdict of not guilty, a disposition clearly in Williams’s favor. Thus, this Court will limit our analysis to the elements of probable cause and malice within the malicious prosecution context.
A. Probable Cause
¶ 7. Probable cause is determined from the facts apparent to the observer when the prosecution is initiated. Benjamin v. Hooper Electronic Supply Co., 568 So.2d 1182, 1190 (Miss.1990) (citing Owens v. Kroger Co., 430 So.2d 843, 846 (Miss.1983)). Probable cause requires both (1) a subjective element — an honest belief in the guilt of the person accused, and (2) an objective element — reasonable grounds for such belief. Benjamin, 568 So.2d at 1190.
¶ 8. Williams argues that summary judgment was improper because Shiers clearly lacked an honest belief that Williams had stolen from the store. Mississippi Code Annotated Section 97-23-93 addresses shoplifting, and provides in pertinent part as follows:
(1) Any person who shall willfully and unlawfully take possession of any merchandise owned or held by and offered or displayed for sale by any merchant ... with the intention and purpose of converting such merchandise to his own use without paying the merchant’s stated price therefor shall be guilty of the crime of shoplifting....
(2) The requisite intention to convert merchandise without paying the merchant’s stated price for the merchandise is presumed, and shall be prima facie evidence thereof, when such person, alone or in concert with another person, willfully
(a) Conceals the unpurchased merchandise;
(b) Removes or causes the removal of unpurchased merchandise from a store or other mercantile establishment.
Mississippi Code Annotated Section 97-23-93 (Rev.2003) (Emphasis added).
¶ 9. Winn-Dixie and Shiers argue that Shiers had probable cause to institute criminal proceedings against Williams because Shiers witnessed Williams aid Reed in stealing sausages and other meats from the store. According to Shiers’s deposition, Shiers watched Williams distract a nearby store employee while Reed spirited the merchandise in her purse. The shoplifting statute clearly contemplates the criminal liability of persons acting “alone or in concert with another person” and specifically provides that the intent to shoplift is presumed when merchandise is either concealed, removed, or caused to be removed. Id. Shiers clearly believed that while Reed pilfered the sausages and other merchandise, Williams acted as a decoy to distract watchful employees. Shiers then requested that Williams and Reed accompany him to the back of the store where they could resolve the shoplifting issue when Williams became belligerent, instructed Reed to exit the premises, escorted Reed to his car, and drove away. Viewing this evidence in a light most favorable to Williams, the non-movant, it is clear that a fair-minded jury could not conclude that Winn-Dixie and Shiers pursued criminal proceedings without probable cause. See, e.g. McClinton v. Delta Pride Catfish, Inc. 792 So.2d 968, 974(¶ 13) (Miss.2001). This assignment of error is without merit.
*43 B. Malice
¶ 10. Winn-Dixie argues that Williams has failed to produce subjective evidence that Winn-Dixie and Shiers maliciously instituted criminal proceedings against him. Malice, as an element of malicious prosecution “connotes a prosecution instituted primarily for a purpose other than that of bringing an offender to justice.” Nassar v. Concordia Rod & Gun Club, Inc., 682 So.2d 1085, 1038 (Miss.1996)(citing Strong v. Nicholson, 580 So.2d 1288, 1293 (Miss.1991)). Malice refers to the defendant’s objective, not attitude. Id. Malice may be and usually is shown by circumstantial evidence, and a jury may infer malice from the facts of the case. McClinton, 792 So.2d at 974(1115).
¶ 11. Williams argues that malice should be inferred because Shiers lacked probable cause in instigating the criminal proceedings against him. As we have already determined that there is no genuine issue of material fact contesting the validity of the appellees’s probable cause, this assignment of error lacks merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.

. Although the incident occurred at a store that was formerly Jitney Jungle, due to Winn- *41 Dixie’s purchase of the Jitney Jungle stores, and for the sake of clarity, this Court will refer to the store as Winn-Dixie.