# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-01892-COA

**KORY M. OWENS AND RYLEIGH C. OWENS**　　　　　　**APPELLANTS**
**BY AND THROUGH THEIR MOTHER AND**
**NEXT FRIEND, KIERA D. OWENS**

**v.**

**WILLIE BROOKS AND JIM NEWSOM**　　　　　　　　　**APPELLEES**
**TRUCKING INC.**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/23/2019 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | DAVID M. SESSUMS |
| ATTORNEY FOR APPELLEES: | ROBERT ELLIOTT BRIGGS III |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 01/12/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

### STATEMENT OF THE CASE

¶1.　On October 2, 2018, a traffic accident occurred on the eastbound shoulder of Haining Road, a two-lane asphalt road in Warren County, Mississippi, when a vehicle driven by Michael Bailey collided with a vehicle driven by Michael Owens. Owens died as a result of injuries sustained in the accident. The wrongful death beneficiaries of Owens (the Owenses) brought a negligence action against multiple people and entities.[1] The trial court granted

---

[1] Plaintiffs settled with Michael Bailey. The other three "Newsome" defendants have been dismissed. The only claim against Jim Newsome Trucking Inc. is for vicarious liability

summary judgment in favor of Willie Brooks and Jim Newsome Trucking Inc. Aggrieved, the Owenses appealed.

¶2. Owens's truck was traveling eastbound (in the eastbound lane) on Haining Road. In an attempt to pass Brooks's 18-wheel truck loaded with ammonia nitrate, Bailey's truck was traveling westbound (in the eastbound lane). After beginning his attempt to pass, Bailey saw Owens quickly approaching. In an effort to avoid a collision, Bailey pulled onto the shoulder of the eastbound side of the road. So did Owens. The vehicles collided head-on. It is undisputed that Brooks's truck was not physically involved in the accident.

¶3. The accident occurred behind Brooks, and he continued to his destination. Carolyn Thornell, who was traveling westbound behind Bailey and Brooks, witnessed the accident. A video of the accident shows Brooks and Bailey approaching from one direction with Bailey to Brooks's left and slightly behind him and then the collision between Bailey and Owens. Officer Bobby Jones (who investigated the accident) and accident reconstructionist Brent Munyon (designated by Brooks and Newsome) both concluded that Brooks was not involved in the accident and did nothing to cause or contribute to the accident.

## STANDARD OF REVIEW

¶4. "It is well settled that to prevail on a negligence claim, a plaintiff must prove, by a preponderance of the evidence, duty or standard of care, breach, causation and damages. Summary judgment is appropriate where the nonmoving party cannot make a prima facie showing of all of the elements of his or her claim." *Huynh v. Phillips*, 95 So. 3d 1259, 1262

---

based on the actions of its employee, Willie Brooks.

(¶9) (Miss. 2012). This Court applies a de novo standard of review for grants of summary judgment. *Harris v. Darby*, 17 So. 3d 1076, 1078 (¶6) (Miss. 2009).

## DISCUSSION

I. Did the trial court err in finding there to be no violation of Mississippi Code Annotated section 63-3-617 (Rev. 2004)?

¶5. The Owenses argue that Brooks failed to yield the right-of-way to allow Bailey to pass. The accident occurred in a passing zone. Owens, Bailey, and Brooks were on a two-lane road, and Brooks was hauling a large load of ammonia nitrate. It is undisputed that to Brooks's right was a partially paved shoulder that was bordered by a steep embankment. The Owenses cite no authority in support of their position that Brooks was required to leave the roadway in order to let Bailey pass him, but we will address whether he had a duty to do so. The Owenses rely on Mississippi Code Annotated section 63-3-617 (Rev. 2013), but the plain language of the statute does not call for a driver to yield the right-of-way by leaving his proper lane of traffic to allow another driver to pass.

¶6. According to Mississippi Code Annotated section 63-3-617:

> It shall be unlawful for the driver of any truck or other vehicle to drive in or near the center of any highway for a distance of more than two hundred yards, or at any time to refuse to turn to the right in order that any driver desiring to pass said truck or other vehicle, may drive at a higher legal rate of speed.

The history of this statute indicates that it was intended to address the issues related to following too closely and prohibiting another vehicle from overtaking and passing. *Fluker v. State*, 44 So. 3d 1029, 1033 (¶11) (Miss. Ct. App. 2010). The Mississippi Supreme Court has also recognized that laws requiring motorists to give way to the right for passing

motorists "do not contemplate or permit reckless driving of a fast motor vehicle, whereby slower ones are wrongfully crowded or their operators frightened off the road." *Peel v. Gulf Transport*, 252 Miss. 797, 819-20, 174 So. 2d 377, 387 (1965). Further, it is undisputed that there was a steep drop off to the right of the partially paved shoulder. It has been stated by the Mississippi Supreme Court that "the central principle which runs through all the cases dealing with statutes regulatory of highway traffic is that such statutes must have a practical or workable interpretation, not an arbitrary or unreasonable construction, and never that which would require an impossibility . . ." *Teche Lines Inc. v. Danforth*, 195 Miss. 226, 12 So. 2d 784, 786 (1943). The Mississippi Supreme Court further stated in *Danforth* that "it would not be reasonable to require a motorist to observe [the relevant] statute in respect to intersections which are not marked by signs or observable by the operator of a vehicle in the exercise of reasonable care." Brooks testified that he did not think it would have been safe to make a sudden attempt to leave the traveled portion of the roadway because when hauling a heavy 18-wheeler load, "[y]ou can't make no quick reaction like that." "The Mississippi legislature codified the 'Rules of the Road' for the purpose of protecting those who use the roads, thereby establishing that every motorist owes a duty to every other traveler to exercise reasonable care to prevent injury and to operate his motor vehicle in accordance with the statutes." *State Farm Auto Ins. Co. v. Davis*, 887 So. 2d 192, 194 (¶7) (Miss. 2004) (citation omitted). In this instance, given the steep drop-off to the right and Brooks's heavy load, it cannot be said that he failed to exercise reasonable care by not pulling onto the partially paved shoulder.

4

¶7. The existence of a statutorily required duty is a question of law that is properly decided by a judge. *Foster v. Bass*, 575 So. 2d 967, 972-73 (Miss. 1990). Brooks had no duty to pull off the roadway and this lack of duty is fatal to the Owenses' claim. The fact that Brooks *may* have had room to pull over does not create a duty where none exists. The trial court did not err on this issue.

> II. Did the trial court err in finding there to be no violation of Mississippi Code Annotated section 63-3-505 (Rev. 2004)?

¶8. Relying on Mississippi Code Annotated section 63-3-505 (Rev. 2004), the Owenses argue that Brooks should have reduced his speed to allow Bailey to pass. Mississippi Code Annotated section 63-3-505 is set forth in full as follows:

> The driver or operator of any motor vehicle must decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic. All trucks, or truck-trailer combinations and passenger buses shall be required to reduce speed to forty-five miles per hour during inclement weather when visibility is bad.

The Legislature did not provide a definition of the phrase "special hazard" as it is used in Mississippi Code Annotated section 63-3-505, and our Supreme Court has only found the existence of a "special hazard" within the meaning of Mississippi Code Annotated section 63-3-505 in one instance. See *Bullock v. Jim Ramsey Jr. Trucking Co.*, 207 So. 2d 628, 629-30 (Miss. 1968) (a special hazard existed where there were emergency vehicles in the median, a police officer in the roadway, emergency lights flashing, and disabled cars obstructing the left lane of the interstate); *see also Entergy Miss. Inc. v. Bolden*, 854 So. 2d 1051, 1056-57 (¶15) (Miss. 2003) (no special hazard existed when a driver was momentarily

5

inattentive while lost and looking for a turn).

¶9.     The Owenses cite no other authority in support of their position that Brooks was required to slow down in order to let Bailey pass him.  The Owenses set forth two scenarios that they maintain created a special hazard.  One theory is that because the two cars were approaching each other from opposite directions in the same lane of travel, a jury could determine that a special hazard was present.  In this scenario, Bailey would either have just passed, or be in the process of passing, Brooks.  The Mississippi Supreme Court has recognized the problem with an argument that a motorist being passed has a duty to decrease the speed of his vehicle to allow the pass.  In rejecting this argument, the Court said, "For a vehicle to immediately slow down after being passed could, in itself, create a hazardous condition to traffic to the rear.  From common practice and experience we can safely say that a driver who is passed on the highway, under ordinary circumstances, maintains his speed while the passing vehicle moves on ahead creating a distance between them."  *Woods v. Nichols*, 416 So. 2d 659, 666-67 (Miss. 1982).  We see no plausible interpretation of Mississippi Code Annotated section 63-3-505 that would require one potentially hazardous condition to be traded for another.

¶10.    The Owenses also argue that the fatal accident created a special hazard.  We fail to see how this theory aids their case.  Even assuming for the sake of argument that the accident did create a special hazard, Brooks's failure to slow down *after* the accident occurred in no way caused or contributed to the accident or exhibited negligence by Brooks.

¶11.    It is not disputed that Brooks did not slow down when Bailey attempted to pass him.

6

Brooks had no duty to decrease his speed because of a special hazard or otherwise, and the trial court properly decided this question of law.

> III. Did the trial court err in finding no genuine issue of material fact regarding Brooks's alleged acceleration?

¶12. The Owenses argue that Brooks was negligent because he accelerated in an effort to keep Bailey from successfully passing him. Although the Owenses do not point to any specific duty breached by Brooks, we find that drivers have a duty of ordinary care. *McHale v. Daniel*, 233 So. 2d 764, 769 (Miss. 1970). There are witness statements that Brooks sped up, but no testimony that he exceeded the posted speed limit. Whether Brooks accelerated either to or above the speed limit, however, is not determinative of this issue. "To survive a motion for summary judgment, the plaintiff must allege facts tending to prove all four elements [of negligence]." *Estate of Kiihnl v. Family Dollar Stores of Miss. Inc.*, 197 So. 3d 920, 924 (¶10) (Miss. Ct. App. 2016). It is not enough to simply show that a party committed some misdemeanor traffic offense. Rather, a party must demonstrate that an offense (such as speeding) "must still be shown to have been the cause of the accident." *McFarland v. Leake*, 864 So. 2d 959, 961 (¶6) (Miss. Ct. App. 2003).

¶13. In *McFarland*, we held that when ruling on a case stemming from an automobile accident, the trial judge appropriately awarded summary judgment in favor of a defendant where the plaintiff's sole contention was an affidavit from an accident reconstructionist stating that the defendant's speed exceeded the limit by ten miles per hour. *Id.* Our ruling was based on the fact that even if the defendant exceeded the speed limit by ten miles per hour, the plaintiff failed to demonstrate evidence of causation that related that speed to the

wreck. *Id.*

¶14.    We find *McFarland* to be instructive in this case.  Expert deadlines had passed and discovery had been completed, but the Owenses failed to offer any proof whatsoever that Brooks's speed caused or contributed to the accident between Bailey and Owens.  The trial court did not err on this issue.

> IV.    Did the trial court err in finding there to be no violation of Mississippi Code Annotated section 63-3-401 (Supp. 2010)?

¶15.    The Owenses argue that the trial court was wrong in finding that Brooks was not involved in the accident and that his failure to stop at the scene of the accident (that occurred behind him) should be considered as evidence of guilt.

¶16.    Brooks's truck was not physically involved in the accident—he was traveling in the proper lane, below the posted speed limit.  Admittedly, Mississippi Code Annotated section 63-3-401, which makes it mandatory for a driver to stop a vehicle at the scene of an accident, is not limited in its application to persons who contributed to the accident in the sense that such persons must be shown to have been at fault or to have been guilty of negligence, which was a contributing or proximate cause of accident. *Meadows v. State*, 211 Miss. 557, 562-63, 52 So. 2d 289, 291 (1951).  But Brooks's failure to stop is not relevant to any of Appellants' claims of negligence.  Brooks's failure to stop in no way proximately caused or contributed to the accident.  The accident occurred *before* Brooks's failure to stop at the scene. *See Fant v. Comm. Carriers*, 210 Miss. 474, 483, 49 So. 2d 887, 890 (1951) (holding "that even a negligent act is not legally a proximate cause of injury if such injury would have happened in any event").  The Owenses are also incorrect in arguing that Brooks's failure to stop at the

scene is evidence of guilt. The Supreme Court cited the *Meadows* ruling when it upheld the denial of a jury instruction, stating that "no presumption or inference of negligence arose from" the driver's failure to stop in accordance with the statute. *Clark v. Mask*, 232 Miss. 65, 69-70, 98 So. 2d 467, 469-70 (1957). Brooks should have stopped, but his failure to do so in no way proximately caused or contributed to the accident. The trial judge did not err on this issue.

      V.     Did the trial court err in relying on the testimony of Brett Munyon and Officer Bobby Jones?

¶17.    As stated in the trial court's order, Munyon and Jones both testified that Brooks was not involved in the accident. There is witness testimony that Brooks failed to slow down, failed to stop, and possibly even accelerated within the posted speed limit. As discussed above, we find that no duty was violated by Brooks. Critical to their case, the Owenses fail to provide testimony or evidence that any action or inaction by Brooks actually caused the accident between Bailey and Owens. Even if a duty existed, in order to avoid summary judgment, the Owenses must submit some evidence of causation. Our findings as previously discussed are dispositive of this case and whether the trial court's reliance on Munyon and Jones was appropriate does not change the fact that the Owenses have not linked any action by Brooks to the accident and have not set out a prima facie case of negligence.

¶18.  **AFFIRMED.**

      **BARNES, C.J., CARLTON, P.J., GREENLEE, McDONALD AND McCARTY, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. LAWRENCE, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**